IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

FILED
BILLINGS DIV.

2011 JAN 31 PM 3 35

PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

| | |
|---|---|
| ERENE BRIESE, Individually; JDB and JRB, Individually; Erene Briese as Personal Representative on behalf of the heirs of David L. Briese, Jr.,<br><br>Plaintiffs,<br><br>vs.<br><br>STATE OF MONTANA, DEPARTMENT OF PUBLIC HEALTH AND HUMAN SERVICES, CHILD AND FAMILY SERVICES DIVISION; SOCIAL WORKER PAM WEISCHEDEL, UNKNOWN JOHN DOES AND JANE DOES 1-20 Employees and Supervisors, Individually and Personally, YELLOWSTONE COUNTY, A Political Subdivision of the State of Montana, YELLOWSTONE COUNTY SHERIFF'S DEPARTMENT; YELLOWSTONE COUNTY SHERIFF; UNKNOWN JOHN DOES AND JANE DOES 1-20, Employees and Supervisors, Individually and in their official capacities; CITY OF BILLINGS, BILLINGS POLICE DEPARTMENT, Employees and Supervisors, Individually and in their official capacities; JOANNE BRIESE; J. GREGORY TOMICICH; DAWN MACEY, and KENDALL JACKSON,<br><br>Defendants. | CV-09-146-BLG-RFC<br><br>**<u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE</u>** |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendations (*Doc. 87*) with respect to State Defendants' Motion to Dismiss First Amended Complaint (*Doc. 54*); Defendant Kendall Jackson's Alternative Motion (1) to Dismiss the Complaint [under] Rule 12(b)(6) [or] (2) For Judgment on the Pleadings [under] Rule 12(c) (*Doc. 59*); City of Billings' Motion to Strike Plaintiffs' Amended Complaint (*Doc. 61*); and Defendant Kendall L. Jackson's Motion to Dismiss (*Doc. 76*).

Upon service of a magistrate judge's findings and recommendations, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiffs' objected to the Findings and Recommendations on July 30, 2010. Defendant Kendall Jackson filed a response to Plaintiffs' objections on August 6, 2010.[1] State Defendants filed a response to Plaintiffs' objections on August 10, 2010.

Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Plaintiffs' objections are overruled.

Plaintiffs first objection pertains to the Magistrate Judge's findings and recommendations that Plaintiffs' claims against Weischedel should be dismissed

---

[1] Defendant Jackson also filed a Response to Plaintiffs' objections on August 12, 2010, which was later withdrawn.

2

because they are time-barred. Plaintiffs assert that the claim against Weischedel is not barred by the Montana statute of limitations as the claim against her relates back under Montana law.

Plaintiffs' claims against Weischedel are state law tort claims and § 1983 claims. Because § 1983 claims contain no specific statute of limitations, federal courts borrow state statutes of limitations for personal injury actions in § 1983 claims cases. See *Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Lukovsky v. City of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008). The limitations period for such claims in Montana is three years after the action "accrues." *Harvey v. Waldron*, 210 F.3d 1008, 1013 (9th Cir. 2000) (citing Mont. Code Ann. § 27-2-204(1)). Thus, the limitations period for all of Plaintiffs' claims against Weischedel is three years from when the claims accrued.

The question of when a claim accrues is different depending upon whether the claim arises from state law or federal law. Under Montana law, "[A] claim or cause of action accrues when all elements of the claim or cause exist or have occurred, the right to maintain an action on the claim or cause is complete, and a court . . . is authorized to accept jurisdiction of the action[.]" Mont. Code Ann. § 27-2-102(1)(a). This Court, applying Montana law, "has held that a right of action

in tort accrues upon injury." *Montana Pole & Treating Plant v. I.F. Laucks and Company*, 775 F.Supp. 1339, 1348 (D.Mont. 1991) (citing *Buhl v. Biosearch Medical Products*, 635 F.Supp. 956, 959 (D.Mont. 1985) and *Much v. Strum, Ruger & Co., Inc.*, 502 F.Supp. 743, 744 (D.Mont. 1980), *aff'd*, 685 F.2d 444 (9th Cir. 1982)). Additionally, "[l]ack of knowledge of the claim or cause of action, or its accrual by the party to whom it has accrued does not postpone the beginning of the period of limitation." Mont. Code Ann. § 27-2-102(2).

With respect to the federal claims, "[f]ederal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim. A federal claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991) (citations and internal quotations omitted).

Plaintiffs filed their Complaint on November 3, 2009. The original Complaint did not name Weischedel as a defendant, but it did include Weischedel in many of the allegations. According to Plaintiffs' First Amended Complaint, the allegations concerning Weischedel arise from events that occurred between November 3, 2006, and November 17, 2006. However, Plaintiffs filed their First

4

Amended Complaint naming Weischedel as a Defendant on March 2, 2010. This is more than three months beyond the three-year limitations period.

This Court must make a determination as to whether Plaintiffs' First Amended Complaint relates back to the date of the filing of the original Complaint.

> Rule 15(c) states in relevant part as follows:
>
> > (1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:
> >
> > * * *
> >
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

The purpose of Rule 15(c) is "to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the

identity of the proper party." *G.F. Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1503 (9th Cir. 1994) (quoting *Kilkenny v. Arco Marine, Inc.*, 800 F.2d 853, 857-58 (9th Cir. 1986)).

In this case, Plaintiffs' claims in the First Amended Complaint against Weischedel do not relate back to the filing of the original Complaint. There is nothing to indicate that Plaintiffs made a mistake as to Weischedel's identity. There is nothing to support a conclusion that this is a situation of mistaken identity. Plaintiffs clearly knew who Weischedel was and what her role was in the circumstances giving rise to their claims.

The next question that the Court must address is whether any of the Plaintiffs' claims against Weischedel fall within a "continuing tort" theory of recovery. If not, the claims against Weischedel are time-barred. Montana law recognizes a " continuing tort" theory only in limited circumstances related to certain causes of action. *See Montana Pole & Treating Plant v. I.F. Lauks and Co.*, 993 F.2d 676, 679 (9th Cir. 1993). Continuing torts are "those torts in which the tortious act can be readily abated." *Shors v. Branch*, 720 P.2d 239, 243 (Mont. 1986).

With respect to Plaintiffs' claims against Weischedel premised on state law (Counts IV, V and VIII), the continuing tort theory does not apply. Plaintiffs' First Amended Complaint alleges that Weischedel's conduct on November 3, 2006, "constituted a removal of the children and the deprivation of the mother, [Erene's] right to custody and control of her children." Thus, their alleged injury occurred on that date and their causes of action related thereto accrued on that date. Plaintiffs have not indicated how the injuries they allegedly sustained by Weischedel's conduct could be "readily abated" or argued persuasively that the continuing tort theory should be applied to their causes of action against Weischedel.

With regard to Plaintiffs' claims against Weischedel premised on federal law (Counts X and XIV), the Court reaches the same result.

Plaintiffs' second objection pertains to the Magistrate Judge's findings and recommendation that claims against Jackson be dismissed for failure to state a claim.

Montana's statutory scheme concerning child abuse and neglect reporting requires mental health professionals, among others, to report the matter to DPHHS when they "know or have reasonable cause to suspect, as a result of information

7

they receive in their professional or official capacity, that a child is abused or neglected[.]" Mont. Code Ann. § 41-3-201. The failure to make this report subjects mental health professionals to civil liability and criminal sanctions. Mont. Code Ann. §§ 41-3-207(1) and (2).

A related statute grants immunity to anyone who reports any incident of child abuse or neglect under Mont. Code Ann. § 41-3-201. Mont. Code Ann. § 41-3-203(1). Exceptions to immunity are triggered if the person reporting "[1] was grossly negligent or [2] acted in bad faith or with malicious purpose or [3] provided information knowing the information to be false." Id.

The Court has concluded that Jackson is the type of mental health professional upon whom Mont. Code Ann. § 41-3-201 imposes an obligation to report child abuse or neglect. Therefore, Jackson is immune from liability for reporting abuse or neglect of the children unless one of the exceptions apply.

First, when considering the exceptions to immunity, Plaintiffs have not alleged that any of Jackson's actions were "grossly negligent." Mont. Code Ann. § 41-3-203(1). Second, Plaintiffs have not alleged that Jackson "acted in bad faith or with malicious purpose." Id. Third, Plaintiffs have not alleged that Jackson "provided information knowing that information to be false." Id.

8

This Court concludes that Mont. Code Ann. § 41-3-203(1) grants Jackson immunity from liability, without exception.

Plaintiffs' final objection is to the findings and recommendation that the First Amended Complaint omits Jackson from the list of Defendants who Plaintiffs alleged conspired to interfere with their familial relationship from which the § 1983 conspiracy claim (Count X) derives. The Amended Complaint fails to show Jackson was "state actor" acting under color of state law. Count X fails to state a claim upon which relief can be granted.

After a de novo review, the Court determines the Findings and Recommendations of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** as follows:

1. State Defendants' Motion to Dismiss First Amended Complaint *(Doc. 54)* is **GRANTED**;

2. Defendant Kendall Jackson's Motion to Dismiss the Complaint [under] Rule 12(b)(6) *(Doc. 59)* is **GRANTED**;

3. City of Billings' Motion to Strike Plaintiffs' Amended Complaint *(Doc. 61)* is **DENIED**, but that the Billings Defendants are required

to respond only to paragraphs 4C, 11, 17, 22, 23, 24, 62, 66, 67, 68 and 69 and Count XIII of the Briese Plaintiffs' First Amended Complaint; and

4. Defendant Kendall L. Jackson's Motion to Dismiss (*Doc. 76*) is **DENIED AS MOOT**.

The Clerk of Court shall notify the parties of the making of this Order.

DATED this 31st day of January, 2011.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE