IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| ERENE BRIESE, Individually; JDB and JRB, Individually; Erene Briese as Personal Representative on behalf of the heirs of David L. Briese, Jr., <br><br> Plaintiffs, <br><br> vs. <br><br> STATE OF MONTANA, et al., <br><br> Defendants. | CV-09-146-BLG-RFC-CSO <br><br> **<u>FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE ON PLAINTIFFS' MOTION TO DISMISS JOANNE BRIESE AND J. GREGORY TOMICICH</u>** |

Plaintiffs Erene Briese, JDB, and JRB (collectively "Briese Plaintiffs") initiated this action claiming violations of various federal and state laws by State, County, City, and private Defendants. *See generally* Pltfs' First Am. Cmplt (*Court Doc. 51*). Now pending are the Briese Plaintiffs' Motion to Dismiss Joanne Briese and J. Gregory Tomicich *(Court Doc. 113)*[1] and Motion for Protective Order Staying

---

[1]The Briese Plaintiffs also sought dismissal of Defendant Dawn Macey. Ms. Macey stipulated to her dismissal from this action, with prejudice. *Court Doc. 114-1 at 21-22.* Chief Judge Cebull dismissed her, with prejudice, on May 5, 2011. *Court Doc. 124.*

Discovery Pending Decision on Dispositive Motion *(Court Doc. 115)*.

For reasons explained below, the Court recommends that the motion to dismiss be granted and that the motion to stay discovery be deemed moot.

I.  **DISCUSSION**

   A.  **Legal Standard**

Rule 41(a)(2), Fed. R. Civ. P.,[2] provides, in relevant part, that after service of an answer or summary judgment motion, and if no stipulation of dismissal is obtained, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Whether to grant a motion for voluntary dismissal is within the district court's sound discretion. *Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) (citation omitted). "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result." *Id.* (citing *Waller v. Financial Corp. of America*, 828 F.2d 579, 583 (9th Cir.

---

[2] References to rules herein are to the Federal Rules of Civil Procedure unless otherwise indicated.

1987) and *Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 145-46 (9th Cir. 1982)).

The prospect of having to defend a future lawsuit is not sufficient to establish plain legal prejudice. *Westlands Water District v. United States*, 100 F.3d 94, 96 (9th Cir. 1996) (citations omitted). Also, "the expense incurred in defending against a lawsuit does not amount to legal prejudice." *Id.* at 97 (citing *Hamilton*, 679 F.2d at 146). That the plaintiff may gain some tactical advantage, such as being able to sue in another forum, is not sufficient plain legal prejudice to prevent dismissal under Rule 41(a)(2). *Hamilton*, 679 F.2d at 146, n.1.

B. <u>Analysis</u>

Applying the foregoing authority to the case at hand, the Court concludes that Plaintiffs' motion should be granted. Joanne Briese and J. Gregory Tomicich ("Briese and Tomicich") have not sufficiently shown that they will suffer some plain legal prejudice if the Court grants the motion to dismiss them.

First, Plaintiffs propose dismissing Briese and Tomicich with prejudice. *Court Doc. 114*.

3

Second, the arguments that Briese and Tomicich advance in opposing their dismissal are unpersuasive. They cite no authority that their concern about possible future identification of "Doe" defendants would cause them plain legal prejudice, and the Court is unaware of any such authority. *See Briese's Objection (Court Doc. 121) at 1-2; Tomicich's Objection (Court Doc. 123) at 2-3*.

Also, their description of Erene Briese's complaint against them before the State Bar's Office of Disciplinary Counsel and subsequent appeal to the Commission on Practice fails to show how they would suffer plain legal prejudice should this Court grant the motion to dismiss them in this action.

## II. **CONCLUSION**

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs' Motion to Dismiss Joanne Briese and J. Gregory Tomicich with prejudice *(Court Doc. 113)* be GRANTED.

In light of this recommendation, IT IS FURTHER RECOMMENDED that Plaintiffs' Motion for Protective Order Staying Discovery Pending Decision on Dispositive Motion *(Court Doc. 115)* be deemed MOOT.

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendation of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendation must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

DATED this 18th day of May, 2011.

/s/ Carolyn S. Ostby
United States Magistrate Judge