IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION



| ERENE BRIESE, Individually; JDB and JRB, Individually; Erene Briese as Personal Representative on behalf of the heirs of David L. Briese, Jr., <br><br> Plaintiff, <br><br> vs. <br><br> STATE OF MONTANA, et al., <br><br> Defendants. | Case No. CV-09-146-BLG-RFC <br><br><br> ORDER ADOPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |
|---|---|

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*doc. 153*) with respect to the County Defendants' Motion for Summary Judgment. *Doc. 143*. Judge Ostby recommends that summary judgment be granted in favor of Defendants.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Plaintiff Erene

Briese appeared pro se[1] and filed an objection to the findings and recommendations (*doc. 161*). County Defendants responded (*doc. 162*). Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

## PROCEDURAL DEFECTIVENESS

Initially, the Court must address the procedural defectiveness in the Briese's response to the County Defendants' summary judgment motion. Briese failed to file a statement of genuine issues as required by Local Rule 56.1(b). This rule serves important goals. The statement of genuine issues, with evidentiary citations, permits the moving party and the Court to efficiently and expeditiously discern whether the party opposing summary judgment has evidence demonstrating a material fact issue sufficient to allow a claim to proceed to trial. Without the statement of genuine issues, the party seeking summary judgment and the Court are left to search the record for evidence that could demonstrate a genuine issue of material fact for trial. It is not this Court's task "to scour the record in search of a genuine issue of triable fact." *Pom Wonderful LLC v. Ocean Spray Cranberries,*

---

[1]On November 16, 2012, counsel for Plaintiffs moved to withdraw. On November 20, 2012, that motion was granted and I ordered objections to the Findings and Recommendation be filed by January 28, 2013. Erene Briese filed her objections on January 22, 2013.

*Inc.*, 2011 WL 4852472, *1 (C.D. Cal. 2011) (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)).

Rule 83, Fed. R. Civ. P., authorizes district courts to adopt local rules to govern proceedings before them. "Local rules have the 'force of law' and are binding upon the parties and upon the court. ..." *Prof. Programs Group v. Dept. of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (citations omitted). This Court's Local Rules attempt to promote orderly and efficient process to all parties who come before the Court.

The Briese Plaintiffs not only failed to file a statement of genuine issues, with evidentiary citations, but also failed otherwise to file or point to evidence before the Court demonstrating the existence of a genuine issue of material fact for trial. This failure is fatal to those claims for which the County Defendants now seek summary judgment. That being said, even if the Court were to excuse the Plaintiffs' failure to file a statement of genuine issues, the Court nevertheless concludes that summary judgment in favor of the County Defendants is still appropriate.

## ANALYSIS AND SUBSTANTIVE DEFECTIVENESS

### Objection 1: Complaints Against Former Counsel

Most of Briese's objections relate to her counsels' withdrawal and alleges

that counsel was ineffective in their representation and handling of Plaintiffs' lawsuit. Briese asserts that her former counsel missed deadlines, failed to employ a standard of care expert, and failed to file pertinent documents and she should not be penalized for their mistakes. Briese also states that she has attempted to locate new counsel and has been unsuccessful.

These arguments are not relevant to the Findings and Recommendation of Magistrate Judge Ostby, and are not properly before the Court. These arguments will not be considered as part of the Court's *de novo* review.

**Objection 2: Disputed Issues of Material Fact**

Briese argues that there are genuine issues of material fact which preclude summary judgment on the negligence claims. Briese attempts to support her argument and demonstrate material issues of fact with conclusory and unsupported assertions and arguments not raised before Magistrate Judge Ostby.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable fact-finder to return a verdict for the nonmoving party. *Id.*

In resolving a summary judgment motion, the Court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the Court must be drawn in favor of the opposing party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted).

Plaintiffs specifically object that there is a material issue of fact as to David Briese's mental state and claim the Yellowstone County Sheriff's Office (YCSO) should have taken action related to David Briese's use of DHEA in light of his mental state preceding the accident in his patrol vehicle. Additionally, Plaintiffs argue that proof of YCSO's duty to its deputies requires no expert testimony. However, Plaintiffs have not produced admissible evidence to demonstrate a

genuine issue of material fact. Instead, Plaintiffs speculate not only about David Briese's DHEA use, but also now about his mental state as overly "stressed" and argue the YCSO should have known that stress in his personal life, combined with DHEA and on-the-job stress would combine to make him unfit for duty.

There is no evidence in the record of David Briese's alleged stress, or any indication that he was affected by any such stress – or the use of DHEA – in the performance of his job. The record is void of any complaints about David Briese's ability to perform the functions of his job. There is nothing to indicate the YCSO knew, or should have known that Briese would fail to operate his vehicle in a safe manner, whether due to stress or any other factor. There is no evidence that David Briese was using any mind-altering or incapacitating substances at all, much less while at work, and no reasonable jury could conclude, based on the evidence in the record, that anyone at the YCSO should have known or thought that David Briese would not perform his job functions safely.

Plaintiffs argue, without authority, that YCSO's standard of care requires no expert testimony and thus their claims should withstand the County Defendants' motion. Plaintiffs are mistaken. Magistrate Judge Ostby correctly found that "… Plaintiffs cannot establish what duty was owed to them because expert testimony is essential to establish the standard of care and the Briese Plaintiffs

have neither provided such testimony nor identified an expert qualified to render such an opinion." (*See Doc. 153, p. 41*).

Expert testimony is required to establish the standard of care regarding the use of DHEA and workplace safety in addition to whether it could be a breach of duty to fail to discipline a patrol officer for such use. Plaintiffs did not designate any experts to testify as to any of the aforementioned subject matter. As such, their claim is precluded. *See Dubiel v. Montana Dept. of Transp.*, 2012 MT 35, 364 Mont. 175, 272 P.3d 66 (holding that expert testimony was required to establish standard of care and breach thereof when allegation involved whether the Montana Department of Transportation should have closed a road due to high winds); *Dayberry v. City of East Helena*, 2003 MT 321, ¶ 17, 318 Mont. 301, 80 P.3d 1218 (holding that expert testimony is required to determine the standard of care applicable to swimming pool operators and to determine the reasonableness of pool design).

Even if expert testimony wasn't required to demonstrate YCSO's duty to Plaintiffs, Magistrate Judge Ostby correctly found that their claims would nevertheless fail because expert testimony is required to show any alleged failure to act by the YCSO could have caused David Briese's accident in his patrol vehicle. (*See Doc. 153, p. 43*); *Hinkle v. Shepherd Sch. Dist. #37*, 93 P.3d 1239,

1246 (Mont. 2004) (affirming summary judgment where plaintiff failed to introduce expert testimony establishing causal connection between defendants' actions and plaintiff's medical conditions).

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and **HEREBY ORDERS** they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the County Defendants' Motion for Summary Judgment [*doc. 143*] is **GRANTED**.

The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this ___ day of March, 2013.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE

8